THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. DUSAN ZEKICH, PLAINTIFF IN ERROR.

Submitted November 1, 1925—Decided March 8, 1926.

**Crimes—Grand Larceny—Swindle—Evidence to Sustain Conviction—Judge's Charge Not Prejudicial or Erroneous—Admission of Evidence Not Erroneous—Thirty Assignments Considered and Judgment Affirmed.**

On writ of error to the Hudson County Court of Quarter Sessions.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the plaintiff in error, *Frank J. Guarini* and *I. Faerber Goldenhorn.* .

For the defendant in error, *John Milton,* prosecutor of the pleas.

PER CURIAM.

The plaintiff in error, Dusan Zekich, was indicted for grand larceny by the grand jury of Hudson county, and was tried upon that charge and was convicted and sentenced. He now prosecutes this writ of error, both on assignments of error and on specifications of causes for reversal, pursuant to section 136 of the Criminal Procedure act. The assignments of error and causes for reversal are identical in form and substance. The brief of the plaintiff in error is cast in such a general form and character that it seems desirable, and, perhaps, necessary, to consider all the assignments and specifications of causes *seriatum.*

Number 1 is "because the verdict is against the weight of the evidence." Our examination of the evidence satisfies us that this is not so. The complaining party, Theodore Cislak, testified in substance and effect that on February 17th, 1924, he met a stranger (who will be referred to as the third

party) on Greene street, in Jersey City; that he met him by appointment at the same place the following day; that on the occasion of his second meeting with this third party, while he was walking down the street with him, the two of them were approached by this defendant, Zekich; that Zekich started some conversation with them and told them a story about his father having formerly lived in Jersey City, and that his father was in partnership in Jersey City with some man; that while his father was in the hospital the partner embezzled funds of the partnership; that when his father came out of the hospital he had a lot of debts on his hands; that his father went in consultation with some friend who advised him to go west, and his father subsequently went to California and bought a farm out there for $9,000; that on this farm he afterward found oil, and the Standard Oil Company purchased the property from his father for the sum of $135,000; that the father had died, and before he died he enjoined his son (the defendant) to go back to Jersey City to pay back the debts his father owed at the time that he left Jersey City; that as a result of some further conversation the defendant told the complaining witness that he was going to give him some money to pay off these debts, after giving him some for himself and something for his family, but before he would trust the complaining witness the latter had to produce a certain amount of money; that the third man then went away and came back with $2,500, and that he himself produced a bank book on the Provident Institution for Savings in Jersey City; that the defendant said that the bank book was no good, he would. have to see cash, and that then the complaining witness went to the Provident Institution for Savings and drew out $4,000; came back to Van Vorst Park where the defendant was waiting, he being accompanied by the third party; that there in Van Vorst Park the defendant produced a tin box, which was produced at the trial, and defendant said he was going to put the money of the third party and the money of the complaining witness in that tin box, and that the latter was to keep it; that it seemed to the complaining witness that the defendant

did put the money in that box; that defendant locked it and took the keys and gave the box to the complaining witness, who, by arrangement, took it home and kept it in his custody until several days later, when, the other parties not appearing, he chiseled off the lock of the box, and, upon opening it, found it did not contain any money other than a few dollar bills and some rolls of paper.

The defendant testified that he knew nothing of the matter complained of, and had never seen the complaining witness until after his arrest a few days following the transaction complained of. He maintained that he was the victim of mistaken identity. While there was some evidence supporting the contention of the defendant, there was also some evidence supporting the story told by the complaining witness and the contention of the state as to the identity of the defendant, and our examination of the evidence has not satisfied us that this verdict was against the weight of the evidence.

Assignment number 2 is "because there was no proof which warrants the finding that the defendant was guilty." This, for reasons above expressed, we find to be without merit.

Number 3 is "because the charge of the court in its entirety was prejudicial to the defendant." Assuming, without deciding this to be a proper assignment of error, it is sufficient to say that there is no merit in the complaint.

Number 4 is "because the court erroneously charged that if the defendant was guilty of anything he was guilty of grand larceny." We think that charge was manifestly correct.

Number 5 is "because the court refused to charge the second request of the defendant." The answer is that it was charged in effect.

Number 6 is "because the court erroneously charged a certain quoted comment upon evidence." The answer to that is that the comment was justified by the evidence.

Numbers 7, 8 and 9 complain of the charge in respect to certain quoted recitals by the court of the general substance of the testimony given by the complaining witness. We have

examined the charge with these assignments in mind, and find no merit in the complaint. The judge was undertaking to recite the substance of the testimony, and we find no fault with it, more especially in view of the fact that the judge distinctly charged the jury that "If I may state any portion of the evidence wrongly, you will disregard what I have misstated, and take your own recollection."

Numbers 10, 11, 12, 13 and 14 complain of other quoted portions of the charge, comprehending, substantially, all of the charge. In line with what we have already indicated, we deem it to be sufficient to say that we find nothing legally objectionable in it, certainly nothing prejudicial to the defendant.

Number 15 is because the court admitted the following question to be asked of the complaining witness over defendant's objection: "Did you open the box when you got home?" We think that question was manifestly proper.

Number 16 is because the court permitted the following question and answer: "*Q.* What did you find when you got home; did you open the box when you got home?" "*A.* Yes, Friday morning; that was three days after." We likewise find no fault with this examination. We think it was manifestly proper.

Numbers 17, 18, 20, 21, 23 and 26 each is an indefinite complaint as to the admission of testimony, but none of the assignments specify the testimony alleged to have been erroneously admitted, as required by *State* v. *Herrin,* 77 *N. J. L.* 523, and are, therefore, under the authority of that case, manifestly not such as to merit or require investigation and consideration.

Number 19 is because the court stated to counsel for the defendant: "You cannot object until he has answered." But neither the question nor answer, if there was a question and answer in this connection, is assigned as error, and, consequently, we see no cause for reversal here.

Number 22 is "because the court refused to direct a verdict for the defendant." We have already indicated that we think there is no merit in this point.

Number 24 is "because the court below permitted, over the protest and objection of counsel for defendant, the following question: '*Q.* Were'nt you held and were you not convicted of working the pocketbook drop game in Cleveland, Ohio, and wasn't that what you got thirty days for?'" With respect to that assignment, it is sufficient to say that that question was put and answered without any objection by the defendant. It therefore cannot lead to a reversal.

Number 25 is "because the court permitted the defendant to answer the question as to whether he was ever tried in Cleveland, Ohio, when the defendant had already stated that he never had been convicted anywhere before." Our careful examination of the record discloses that that question was not put to the defendant, and no reference is made to that question in the brief of plaintiff in error. In such circumstances no consideration of the assignment is required.

Number 27 is "because the court admitted illegal evidence and refused to admit legal evidence." We have already indicated that this assignment of error does not comply with the requirements laid down in *State* v. *Herrin, supra,* in that it does not specify the testimony alleged to have been illegally admitted or legally excluded.

Number 28 is "because there was identity of the defendant as the person who committed any crime, and, if any crime were committed, it is not the crime charged in the indictment." With respect to that it is sufficient to say that, in our judgment, there was ample evidence of the identity of the defendant, and there was likewise ample evidence to justify the finding of the jury that the crime committed was the crime charged in the indictment.

Number 29 is "because there was no evidence whatever to show that the defendant ever had in his possession any money whatever belonging to the complainant, or that he was ever seen by anyone with money, or that he ever appropriated any part of it to his own use; nor is there any evidence that he was guilty of the charge of grand larceny set forth in the indictment." With respect to this assignment it is sufficient

to say that we have already pointed out that there was such evidence.

Number 30 is the last assignment, and it is "because there were other and divers errors in the record and proceedings aforesaid in the giving of the verdict and judgment aforesaid." We think that assignment requires no comment except to say that it points to nothing requiring examination.

The judgment of the court below will be affirmed, with costs.